Filed 9/15/23  P. v. Silliman CA 3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>WILLIAM VINCENT SILLIMAN, JR.,<br><br>    Defendant and Appellant. | C096613<br><br>(Super. Ct. No. CRF12000001202) |

Defendant William Vincent Silliman, Jr., appeals the trial court's order denying his petition for resentencing under Penal Code section 1172.6[1] following an evidentiary

---

[1] Further undesignated statutory references are to the Penal Code.  Defendant filed his petition under former section 1170.95.  Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775) amended section 1170.95 effective January 1, 2022.  (Stats. 2021, ch. 551.)  Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We will refer to the section by its new numbering.

1

hearing after the court issued an order to show cause. Defendant now contends the trial court erred because: (1) it did not articulate who bore the burden of proof; (2) it failed to identify what burden applied; (3) it did not make express findings regarding each element of the felony-murder rule; and (4) insufficient evidence proves beyond a reasonable doubt that defendant is guilty of second degree murder under sections 188 and 189 as amended.

We conclude that the trial court understood and applied the correct burden of proof, that the trial court's findings were adequate, and that sufficient evidence supports the trial court's determination that the People had proven beyond a reasonable doubt that defendant could still be convicted of second degree murder under the new law. Accordingly, we shall affirm the trial court's order denying resentencing relief under section 1172.6.

## BACKGROUND

A jury found defendant guilty of second degree murder (§ 187, subd. (a)) and found true that defendant was a principal where a firearm (a sawed-off shotgun) was discharged by a principal from a motor vehicle with the intent to cause great bodily injury (§ 190, subd. (d)). The trial court sentenced him to 20 years to life in state prison, and this court affirmed the judgment on appeal. (*People v. Silliman* (May 26, 2015, C072774) [nonpub. opn.].)

Following the Legislature's enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which amended the law governing murder liability under the felony-murder rule and the natural and probable consequences doctrine, defendant sought resentencing on his murder conviction. The trial court initially denied his petition at the prima facie stage, and we reversed and remanded with directions to issue an order to show cause and to hold an evidentiary hearing to determine whether to vacate defendant's murder conviction and to recall his sentence and resentence him. (*People v. Silliman* (Apr. 13, 2021, C091360) [nonpub. opn.] (*Silliman II*).)

2

In June 2021, the trial court issued the order to show cause and set the matter for hearing. Defendant filed a prehearing memorandum, arguing the court should grant the petition because the evidence would show he only intended to beat up the victim, not kill him. Quoting directly from the resentencing statute, defendant alerted the court that "[a]t the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."

The People opposed the petition, arguing that the evidence at trial showed beyond a reasonable doubt that defendant harbored express and implied malice, which were both sufficient to meet their burden of establishing a valid murder conviction even after the change in law made by Senate Bill 1437. The People requested the trial court take judicial notice of the jury trial testimony and other court documents filed in the case, and consider defendant's interviews with law enforcement where he admitted that he knew codefendant Hume intended to kill the victim. Like defendant's brief, the People explicitly cited the portion of section 1172.6 that placed the burden on the People to prove beyond a reasonable doubt that defendant was ineligible for resentencing under the new law.

The trial court considered the petition at an evidentiary hearing in February 2022. Prior to the hearing, the court reviewed the parties' briefs as well as this court's decision in *Silliman II*, which stated: "At that hearing [hearing following issuance of an order to show cause], the prosecution bears the burden of proving beyond a reasonable doubt that the defendant is not eligible for resentencing." (*Silliman II, supra*, C091360.) During the hearing, the trial court twice noted that the People bore the burden of proof.

The People again argued that defendant could still be convicted of murder because the evidence showed he acted with both express and implied malice, and that he was well aware of codefendant Hume's intent to kill the victim when defendant helped Hume saw off defendant's own shotgun, provided Hume with lethal ammunition, drove Hume to the

victim's house with the sawed-off shotgun, positioned the car so that Hume had a clear shot of the victim, drove Hume away following the shooting, and then hid the murder weapon in his own apartment while Hume fled.

Defense counsel reiterated that the burden was on the prosecution at the hearing to satisfy the "highest burden allowable by law"—the "beyond a reasonable doubt" standard. Counsel argued that the evidence did not show defendant intended for the victim to die, and that defendant merely believed he was supporting Hume in a fight with the victim.

The trial court denied the petition after extensively considering the evidence presented at trial, including defendant's own admissions to law enforcement before he was arrested. The court specifically found that defendant admitted that he knew Hume intended to kill the victim when he drove Hume over to confront the victim with the sawed-off shotgun that defendant provided Hume, and that defendant himself shared that same intent. According to the court, defendant knew exactly what was going to occur and "did everything for [codefendant Hume] except pull the trigger himself." Based on the trial evidence and defendant's law enforcement interview, the court found defendant acted with express and implied malice, and that he was a major participant in the underlying felony and acted with reckless indifference to human life. Defendant timely appealed.

## DISCUSSION

## I

### *Burden of Proof at the Evidentiary Hearing*

Defendant contends the trial court prejudicially erred because it neither articulated the applicable burden of proof nor identified which party bore the burden at the evidentiary hearing. We disagree.

As originally enacted, former section 1170.95 (now section 1172.6) provided that "[a]t the hearing to determine whether the petitioner is entitled to relief, the burden of

4

proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (Former § 1170.95, subd. (d)(3); Stats. 2018, ch. 1015, § 4.) When it passed Senate Bill 775, which became effective January 1, 2022, the Legislature included the same burden of proof language. (See former § 1170.95, subd. (d)(3); Stats. 2021, ch. 551, § 2.) Senate Bill 775 also clarified that "[a] finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (Former § 1170.95, subd. (d)(3); Stats. 2021, ch. 551, § 2.) Thus, at the time of the February 2022 evidentiary hearing in this case, the plain and unambiguous language of section 1172.6 required that the prosecution prove ineligibility beyond a reasonable doubt and made clear that a substantial evidence finding did not satisfy that burden. (§ 1172.6, subd. (d)(3).)

Under the statute, it was "the [trial] court's responsibility to act as independent fact finder and determine whether the evidence establishes a petitioner would be guilty of murder under amended sections 188 and 189 and is thus ineligible for resentencing under section [1172.6]." (*People v. Ramirez* (2021) 71 Cal.App.5th 970, 984.) Ordinarily, we presume the trial court was aware of, understood, and properly applied the relevant law. (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114 ["[W]e apply the general rule 'that a trial court is presumed to have been aware of and followed the applicable law' "]; *McDermott Will & Emery, LLP v. Superior Court* (2017) 10 Cal.App.5th 1083, 1103 ["We presume the trial court knew and properly applied the law absent evidence to the contrary"].) "This rule derives in part from the presumption of Evidence Code section 664 'that official duty has been regularly performed.' " (*Stowell*, at p. 1114.)

In this case, given the parties' briefs and arguments on the petition, the language of our prior opinion, and the court's comments during the hearing, we see nothing in the record that rebuts this presumption. Rather, the record shows the trial court was well aware of the applicable burden and who bore the responsibility of proving it.

5

The parties' written briefs, which the trial court considered before the hearing, each expressly noted that the People had to prove beyond a reasonable doubt that defendant was ineligible for resentencing. The trial court had also reviewed our opinion in *Silliman II*, which likewise identified the applicable burden of proof and who bore the burden at any evidentiary hearing on the petition. (*Silliman II, supra*, C091360.) At the hearing, the trial court twice stated that the People bore the burden of proof, and defense counsel agreed that "[o]n behalf of [defendant], the burden is obviously on the Prosecution today. And the burden is not a normal burden, but it's the highest burden allowable by law beyond a reasonable doubt." Tellingly, neither the trial court nor the prosecutor disagreed with defense counsel's statements regarding the applicable burden of proof or the People's responsibility to meet it.

Defendant's attempt to overcome the presumption by citing *People v. Jeffers* (1987) 43 Cal.3d 984, 1000, which found that the general presumption that a trial court is aware of and follows governing law, does not apply when " 'the law in question was unclear or uncertain when the lower court acted.' " He argues that at the time the trial court ruled on the petition, caselaw was unclear whether the court had to find beyond a reasonable doubt that a defendant still could be convicted under the new law or whether it merely had to find that substantial evidence supported a conviction.

But, as the People point out, any potential disagreement regarding the applicable standard was definitively resolved *before* the February 2022 evidentiary hearing with the passage of Senate Bill 775, which became effective a month earlier. (§ 1172.6, subd. (d)(3).) That the parties submitted briefs before January 2022 is inapplicable, especially when none of the parties urged the trial court to apply a substantial evidence standard or to require anyone other than the People to bear the burden of proof at the hearing.

Nothing in the statute, moreover, mandates that a trial court state on the record that it is applying the beyond the reasonable doubt standard. (§ 1172.6.) Defendant has

simply not overcome the presumption that the trial court knew and applied the correct standard appropriately.  (*People v. Stowell, supra*, 31 Cal.4th at p. 1114.)

## II

### *Eligibility for Resentencing*

Defendant contends the trial court erred in finding he was ineligible for resentencing because it failed to indicate on the record that it weighed the evidence presented at the hearing.  He also argues the trial court did not make express findings as to each of the required elements for a felony murder conviction under section 189, subdivision (e)(3), and that insufficient evidence shows he could still be convicted of second degree murder following the changes to sections 188 and 189.  None of defendant's contentions have merit.

At the outset, we note the trial court recounted the trial evidence *in detail* that it found defendant knew Hume intended to kill the victim and aided and abetted Hume with that same intent, including admitting to law enforcement that he knew Hume wanted to kill the victim, providing Hume with the murder weapon, driving Hume to the victim's home, maneuvering the car so Hume could get a better shot at the victim, and then helping Hume to flee the scene and hide the murder weapon at defendant's apartment. This shows the trial court carefully weighed the evidence in deciding the petition and properly acted as an independent fact finder at the hearing.  (*People v. Ramirez, supra*, 71 Cal.App.5th at p. 984.)  That the trial court implicitly considered and rejected any contrary evidence highlighted in defendant's brief does not mean the court failed to meaningfully weigh the evidence.

To the extent defendant complains the trial court did not make express findings as to all of the required elements for a felony murder conviction under section 189,

7

subdivision (e)(3), nothing in the statute mandates such express findings.[2] (§ 1172.6, subd. (d).) In any event, in addition to finding that defendant aided and abetted Hume in killing the victim and that the evidence showed he acted with express and implied malice, the trial court also found that defendant was a major participant who acted with reckless indifference to human life.

Finally, we reject defendant's contention that the trial evidence was insufficient to establish his guilt of second degree murder beyond a reasonable doubt. While defendant asserts that some evidence showed he expected Hume to fight the victim but not to kill him, defendant misapprehends the nature of our review.

"We review the trial judge's factfinding for substantial evidence." (*People v. Clements* (2022) 75 Cal.App.5th 276, 298.) In doing so, we examine the entire record in the light most favorable to the judgment or order to determine whether it contains evidence that is reasonable, credible, and of solid value that would support a rational trier of fact in finding the defendant guilty beyond a reasonable doubt. (*Ibid.*) "Our job on review is different from the trial judge's job in deciding the petition. While the trial judge must review all the relevant evidence, evaluate and resolve contradictions, and make determinations as to credibility, all under the reasonable doubt standard, our job is to determine whether there is any substantial evidence, contradicted or uncontradicted, to support a rational fact finder's findings beyond a reasonable doubt." (*Ibid.*)

Defendant was found guilty of second degree murder. Second degree murder is "the unlawful killing of a human being with malice aforethought" but without the

---

[2] Notably, defendant himself argued in *Silliman II*, and this court agreed, that the felony-murder rule does not apply where, as here, the underlying felony is assaultive in nature because the felony merges with the homicide. (*Silliman II, supra*, C091360; see also *People v. Chun* (2009) 45 Cal.4th 1172, 1200.) Given that the theory is inapplicable, we fail to see how the alleged absence of express findings as to all elements of that theory could have prejudiced defendant.

additional elements of willfulness, premeditation, and deliberation necessary for first degree murder. (*People v. Knoller* (2007) 41 Cal.4th 139, 151.)

Malice may be either express or implied. (*People v. Blakeley* (2000) 23 Cal.4th 82, 87.) Express malice exists "when a defendant manifests an intention to kill" (*ibid.*), and " '[m]alice is implied when the killing is proximately caused by " 'an act, the natural consequences of which are dangerous to life, which act was deliberately performed by a person who knows that his conduct endangers the life of another and who acts with conscious disregard for life.' " ' " (*People v. Cravens* (2012) 53 Cal.4th 500, 507.)

A person who aids and abets the commission of a crime is culpable as a principal in that crime. (§ 31.) There are two forms of liability for aiders and abettors. (*People v. McCoy* (2001) 25 Cal.4th 1111, 1117.) First, under direct aiding and abetting principles, an accomplice is guilty of an offense perpetrated by another if the accomplice aids the commission of that offense with "knowledge of the direct perpetrator's unlawful intent and [with] an intent to assist in achieving those unlawful ends." (*People v. Perez* (2005) 35 Cal.4th 1219, 1225.) Second, under the natural and probable consequences doctrine, an accomplice is guilty not only of the offense he or she directly aided and abetted (i.e., the target offense), but also of any other offense committed by the direct perpetrator that was the natural and probable consequence of the crime the accomplice aided and abetted (i.e., the nontarget offense). (*McCoy*, at p. 1117.)

"Senate Bill 1437 does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought." (*People v. Gentile* (2020) 10 Cal.5th 830, 848, superseded by statute on other grounds as stated in *People v. Wilson* (2023) 14 Cal.5th 839; *People v. Schnell* (2022) 84 Cal.App.5th 437, 443-444 [direct aiding and abetting a second degree implied malice murder is still a valid theory of murder liability despite the changes made by Senate Bill 1437].) It is only aiding and abetting under the natural and probable consequences doctrine that is no longer a valid theory of murder. (*Gentile*, at pp. 847-848 ["Senate Bill 1437 eliminates

9

natural and probable consequences liability for murder regardless of degree"].) And, while Senate Bill 1437 eliminated natural and probable consequences liability for second degree murder, "an aider and abettor who does not expressly intend to aid a killing can still be convicted of second degree murder if the person knows that his or her conduct endangers the life of another and acts with conscious disregard for life." (*Gentile*, at p. 850.)

Here, the trial court found that defendant acted with both express and implied malice when he aided and abetted Hume in killing the victim. Substantial evidence supports the court's factual findings.

Defendant's own statement to law enforcement provided substantial evidence that he owned the shotgun, helped Hume saw it off, provided Hume with ammunition and saw him load the weapon, and watched Hume carry the sawed-off shotgun with him for the express purpose of confronting the victim. (See, e.g., *People v. Garcia* (2020) 46 Cal.App.5th 123, 154 [recognizing that handing the murder weapon to the person who actually kills the victim may result in special circumstance liability for an aider and abettor under section 190.2, subdivision (c) or (d)].) Defendant drove Hume to the confrontation and repositioned his car so Hume would have a clear shot of the victim. And defendant also told police that he heard Hume repeatedly say he wanted to kill the victim before the deadly encounter.

Thus, despite knowing Hume's murderous intentions towards the victim, defendant still chose to provide him with a lethal weapon, to drive him to and from the victim's home with that weapon, and to help Hume escape and hide the weapon while Hume fled following the killing. Based on this evidence, substantial evidence supports the trial court's conclusion that even though defendant did not pull the trigger, he directly aided and abetted the killing and shared Hume's intent to kill, or, at the very least, knew his conduct endangered the victim's life and acted with conscious disregard for his life. Defendant's presence at the scene, his participation in the plan to confront the victim, his

companionship with the killer and others involved, his conduct before and after the crimes in procuring the weapon and ammunition and disposing of the firearm all support the trial court's express and implied malice findings.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition for resentencing is affirmed.


/s/

HORST, J.*

We concur:


/s/

HULL, Acting P. J.


/s/

MAURO, J.


---

\* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.